## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

KEITH BROWN,

     Plaintiff,

v.                                Case No. 8:20-cv-1678-WFJ-CPT

MICHAEL ORPHEE, et al.,

     Defendants.

_____/

### ORDER

The Court has for its consideration Mr. Brown's *pro se* civil rights complaint filed against Defendants under 42 U.S.C. § 1983 (Doc. 1). The Court has undertaken a preliminary screening of the complaint in accord with 28 U.S.C. § 1915A. After doing so, the Court has determined that the complaint must be dismissed without prejudice.

**BACKGROUND AND FACTS**

Mr. Brown is a pretrial detainee at the Polk County Jail awaiting trial for burglary and attempted burglary. He sues three officers with the Winter Haven Police Department, Michael Orphee, Dejesus Martinez, and Cody Grantham, claiming false arrest and false imprisonment. He alleges that Defendants did not have probable cause to arrest him for burglarizing the American Legion building because when they searched him he had no stolen items on his person, and the security video from the American Legion showed that the

1

individual breaking into the building was wearing clothes that were different from the clothes that Mr. Brown was wearing when he was arrested. He further alleges that because there was no probable cause that he had committed any crime, Defendants conspired to arrest him, and one of the officers made false statements in the arrest affidavit.

As relief, Mr. Brown seeks 100 million dollars for his loss of liberty and the violation of his civil rights. Construing the complaint liberally, Mr. Brown contends that he was falsely arrested and falsely imprisoned in violation of his Fourth and Fourteenth Amendment rights.

**DISCUSSION**

Mr. Brown's claims must be dismissed under *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court stated:

> We hold that, in order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id.*, 512 U.S. at 486-87. Therefore, the *Heck* doctrine provides that a claim challenging unlawful conduct leading to an unconstitutional conviction cannot proceed unless the plaintiff demonstrates that the challenged conviction was reversed, expunged, or otherwise

invalidated. Absent such an invalidation, the section 1983 suit must be dismissed. *Id*.

Plaintiff has not been convicted and is awaiting trial. Nonetheless, the *Heck* doctrine "applies not only to convicted persons but also to plaintiffs. . .who as yet only face prosecution." *Wiley v. City of Chicago*, 361 F.3d 994,996(7th Cir.2004) (citing *Gonzalez v. Entress*, 133 F.3d 551, 553 (7th Cir.1998)). Therefore, *Heck* also prevents § 1983 claims that necessarily imply the invalidity of potential convictions. *See Hamilton v. Lyons*, 74 F.3d 99,103 (5th Cir.1996); *Newman v. Leon County Sheriff's Office*, 2009 WL 62652 (N.D.Fla. Jan.7, 2009) (dismissing, under *Heck*, pretrial detainee's Fourth, Sixth and Fourteenth Amendment claims brought under § 1983, where resolving those claims in detainee's favor would undermine the validity of his potential convictions on pending criminal charges).

In Mr. Brown's case, were the Court to decide in his favor on his constitutional claims, it would necessarily imply the invalidity of his potential convictions of burglary and attempted burglary. This action therefore is barred by *Heck* and must be dismissed without prejudice.

Accordingly, the complaint (Doc. 1) is **DISMISSED**, without prejudice, for failure to state a claim upon which relief may be granted. The Clerk shall close this case.

**DONE AND ORDERED** in Tampa, Florida, on March 18, 2021.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

SA: sfc
Copy to: Keith Brown, *pro se*

3